**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, | |
|         Plaintiff, | |
| v. | Case No. 1:10-cv-01256 (CKK) |
| SAFWAT HASSAN SIDDIG, *et al.*, | |
|         Defendants. | |

## DEFENDANTS' 12 (b)(6) MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants Safwat Hassan Siddig and Kowthar Hassan Suliman, by and through

counsel, Nicole Mackin, Esq., hereby respectfully move this Court to dismiss Plaintiff's

Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), for the reasons set

forth in the accompanying Memorandum of Law.

Respectfully submitted,

Date:  January 21, 2011                          _____/s/_____
                                                 Nicole E. Mackin, Esq.
                                                 Law Office of Nicole E. Mackin
                                                 DC Bar #978258
                                                 1629 K Street NW, Suite 300
                                                 Washington, DC 20006
                                                 (571) 226-6926 ph
                                                 (888) 266-0046 fax
                                                 nmackin@misscriminallawyer.com

                                                 *Counsel For Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JANE DOE,

         Plaintiff,

v.

SAFWAT HASSAN SIDDIG, *et al.*,

         Defendants.

Case No. 1:10-cv-01256 (CKK)

## BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### A.  Introduction

This Court should dismiss all of the claims in the Amended Complaint.  Plaintiff filed a twelve (12) count complaint.  The alleged events which provide that basis for many, if not all of these claims, occurred twenty (20) years ago, in 1990.

Even if she could prove her claims, the claims are barred by Laches, Statute of Limitations, Retroactivity, Absence of Private Right of Action, and Lack of Privity of Contract.

### B.  Facts

In or about 1990, Plaintiffs, Husband and Wife, were living in Northern Virginia with their two (2) handicapped children, ages eight (8) and twelve (12) at the time.  They lawfully resided in the United Stated under a Diplomatic Visa.  Plaintiff ("Siddig"), having originally been from Sudan, kept contact with friends and relatives in Sudan.  Namely, Siddig kept contact with his brother-in-law, Hassan Abdel Rahman Ali ("Rahman Ali").  There came a time that

Siddig was contacted by Rahman Ali.  Rahman Ali stated that he worked with a man, Hassan

Horoun Ali ("Haroun Ali") who had a daughter, referred in this action as "Jane Doe" ("Doe").

Doe, her father stated, had dropped out of school and was unemployed.  Haroun Ali plead for

Siddig to provide a job for his daughter in the United States as a nanny and a maid, to sponsor

her work visa in the United States, and to provide her with shelter, food, and clothing.  In return,

Doe was guaranteed a better life and all the opportunities the United States offered as well as

minimum wage of $3.80 per hour.  The salary portion was to be divided as follows:  Doe

received 50% of the salary plus free shelter, food, and clothing.  Haroun Ali, Doe's father, was to

receive 50% of the salary.  It must be noted that Doe was not a party to this contract.

Later the same year, Doe came over here on a valid passport, issued in Sudan.  Siddig

was in the United States during this time period, and had nothing to do with the issuance of

Doe's travel documents.  Presumable, either Haroun Ali or Doe herself arranged for her travel.

Siddig had no reason at any time to believe Doe was anything other than an adult.  Her

birth certificate, nationality certificate, and passports all attested that Doe was over the age of

eighteen (18).

For nineteen (19) years Doe worked for Siddig.  In return, she was paid minimum wage

plus free housing, in fact she had her own bedroom in the house.  For nineteen years she lived for

free, was fed for free, and was clothed for free.  Additionally, the Siddig's paid for Doe's

vacations and many other discretionary expenses.  Some examples of the Siddig's expending

funds above and beyond their obligation include:

    a.   Paying to get Doe's nails done;

    b.   Paying for Doe's trips to the hair salon;

    c.   Paying for Doe's trips to restaurants with her friends;

      d.   Buying Doe expensive party dresses and shoes; and

      e.   Providing Doe medical treatment when needed.

In brief, they treated her like a member of their family, and compensated her justly for the work she did within the home, which consisted of the maximum of four hours of child care and/or housework a day.

Doe was, at all relevant times, given complete freedom of movement.  She was free to leave at any time.  Some examples of Doe exercising her freedom of movement:

      a.   Employment in retail store "Yasi" from 2006-2009;

      b.   Participation in Sudanese Community Youth activities;

      c.   Attendance at countless parties and weddings;

      d.   Several trips to New York for shopping;

      e.   Trip to Minnesota to visit friend;

      f.   Two trips to Boston to attend weddings;

      g.   Trip to Saudi Arabia for vacation in 1996;

      h.   Trip to Sudan in 1996 to visit her family;

      i.   Three month trip to Sudan in 2008 to visit her family;

      j.   Attended Prince William County Adult Learning Program; and

      k.   Attended Potomac Public Library Education Program.

Doe voluntarily worked for the Siddig's for nineteen (19) years, was justly compensated, and was free to terminate her employment at any time.

## C.  Rule 12(b)(6) Standard For Dismissal

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

the legal sufficiency of the pleadings. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." _Scheuer v. Rhodes_, 416 U.S. 232, 236 (1974), overruled on other grounds by _Harlow v. Fitzgerald_, 457 U.S. 800 (1982).

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." _Erickson v. Pardus_, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. _Balistreri v. Pacifica Police Dept.,_ 901 F.2d 696, 699 (9th Cir. 1990). But the Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007).

The plaintiff bears the burden of pleading sufficient facts to state a claim. Courts will not supply essential elements of a claim that are not initially pled. _Richards v. Harper_, 864 F.2d 85, 88 (9th Cir. 1988). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." _Erickson_, 551 U.S. at 94. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted

deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

D. **Argument**

    a. **Applying to all claims**

Counts one (1) through Thirteen (13) must be barred by the doctrine of laches. Laches is an equitable doctrine, designed to serve the maxim that "equity aids the vigilant, not those who slumber on their rights." *Independent Bankers Ass'n v. Heimann*, 627 F.2d 486, 488 (D.C.Cir.1980). By preventing the enforcement of stale claims, the doctrine obligates litigants to pursue their rights expeditiously. *See NAACP v. NAACP Legal Def. & Educ. Fund, Inc.*, 753 F.2d 131, 137 (D.C.Cir.1985); *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838, 843 (D.C.Cir.1982). This Circuit has identified two preconditions for any laches defense: "a claim will not be barred under that doctrine unless it is shown that the party raising the defense was prejudiced by the other party's delay in raising the claim and that the delay was unreasonable." *Burka v. Aetna Life Ins. Co.*, 56 F.3d 1509, 1514 (D.C.Cir.1995). Therefore, in deciding whether to apply the doctrine here, the Court must consider (1) whether Plaintiff inexcusably or unreasonably delayed filing this suit; and (2) whether the Defendant was prejudiced because of that delay. *See Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 318 (D.C.Cir.1987); *Minkoff v. Clark Transfer, Inc.*, 841 F.Supp. 424, 429 (D.D.C.1993).

Viewing the evidence in the light most favorable to the Plaintiff, it is clear this claim should be barred by the doctrine of laches. The Plaintiff has been in the United States for twenty (20) years. As stated above, in the fact section, she went to school, held down a job at a retail store, and had an active social life. She had complete freedom of movement. In fact, both the

Siddig's were at work all day during the week.  Doe could have, at any time since 1991, consulted with an attorney and/or filed a pleading pro se.

It is absolutely inexcusable that Plaintiff waited almost two (2) decades to file this claim. Defendant has been most prejudiced by this delay.  He is forced to collect evidence and contact witnesses from twenty (20) years ago.  Therefore, all thirteen counts must be dismissed due to the fact they are barred by the doctrine of laches.

> b.  **First Claim:  Involuntary Servitude Pursuant to the Thirteenth Amendment and 18 U.S.C. § 1584**

The Court must dismiss this claim for several reasons.  First, 18 U.S.C. §1584 is clearly a criminal statute.  The text of the statute provides:

> **(a)** Whoever knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

> **(b)** Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be subject to the penalties described in subsection (a). *Id.*

Based on the plain language of the § 1584, there is no express private right of action by which the plaintiff can sue for damages.  Courts have found that a private cause of action is available under the Thirteenth Amendment to the United States Constitution in only two narrow exceptions. The first exception allows for an individual to file a civil suit for violations of the Thirteenth Amendment under 42 U.S.C. § 1983, but that avenue is confined to conduct by state actors. *See Sumpter v. Harper,* 683 F.2d 106, 108 (4th Cir.1982); *see generally Am. Mfrs. Mwt. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).  The second

exception allows for an individual to file a civil suit under the Thirteenth Amendment, even against private individuals, under 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1985, but those statutes require evidence of racial or other class-based invidious discrimination behind the defendants' actions. *See, e.g., Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Congress has simply declined to create a remedy in federal court under the Thirteenth Amendment for the conduct alleged here.  As the Plaintiff in the instant case has not alleged any facts that raise issues of discrimination, nor are the named Defendants in this case "state actors", her claim for damages under the Thirteenth Amendment and/or 18 U.S.C. 1584 fails and must be dismissed as it does not state a claim under which relief can be granted.

Even if, for the sake of argument, this count is not dismissed, its application must be limited to the date of its enactment.  In the American Judicial System, there is a general presumption against retroactive application of legislation.  *See United States v. Hudson* 299 U.S. 498 (1937).  Principles of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.  In *Landgraf v. USI Film Products* 511 U.S. 244, 272 (1994) the Supreme Court stated, "prospectivity remains the appropriate default rule," The Court went further to endorse the rule established in *Bowen v. Georgetown University Hospital* 488 U.S. 204, 208 (1988), that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."  Only clear Congressional intent allowing retroactivity, established by explicit statutory language will overcome the presumption of prospectivity.  Since this statute does not contain express retroactive application, its application must be limited to the time frame after which it was enacted.

c.   **Second Claim:  Trafficking with Respect to Forced Labor in Violation of the Trafficking Victims Protection Act, 18 U.S.S. §§1590, 1595**

There is no private right of action under Trafficking Victims Protection Act of 2000, as it is a criminal statute.  There is, on the other hand, a private right of action under Trafficking Victims Protection Act of 2003, however neither statute contains express retroactive language. In the American Judicial System, there is a general presumption against retroactive application of legislation.  *See United States v. Hudson* 299 U.S. 498 (1937).  Principles of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.  In *Landgraf v. USI Film Products* 511 U.S. 244, 272 (1994) the Supreme Court stated, "prospectivity remains the appropriate default rule," The Court went further to endorse the rule established in *Bowen v. Georgetown University Hospital* 488 U.S. 204, 208 (1988), that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."  Only clear Congressional intent allowing retroactivity, established by explicit statutory language will overcome the presumption of prospectivity.  Since neither of these statutes contain express retroactive application, their application must be limited to the time frame after which they were enacted.

Additionally, this count should be dismissed for failure to sufficiently plead all elements. The United States Supreme Court has held that involuntary servitude is "a condition of servitude in which the victim is forced to work  . . . by the use of threat of physical restraint or physical injury or by the use of coercion through law or the legal process."  *United Stated v. Kozminski* 487 U.S. 931, 952.  Plaintiff has failed to sufficiently claim threat of physical restraint or physical injury or coercion through legal process.  Therefore, this count must be dismissed.

d. **Third Claim: Forced Labor Violation of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§1589,1595**

There is no private right of action under Trafficking Victims Protection Act of 2000, as it is a criminal statute.  There is, on the other hand, a private right of action under Trafficking Victims Protection Act of 2003, however neither statute contains express retroactive language. In the American Judicial System, there is a general presumption against retroactive application of legislation.  *See United States v. Hudson* 299 U.S. 498 (1937).  Principles of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.  In *Landgraf v. USI Film Products* 511 U.S. 244, 272 (1994) the Supreme Court stated, "prospectivity remains the appropriate default rule," The Court went further to endorse the rule established in *Bowen v. Georgetown University Hospital* 488 U.S. 204, 208 (1988), that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."  Only clear Congressional intent allowing retroactivity, established by explicit statutory language will overcome the presumption of prospectivity.  Since neither of these statutes contain express retroactive application, their application must be limited to the time frame after which they were enacted.

Additionally, this count should be dismissed for failure to sufficiently plead all elements. The United States Supreme Court has held that involuntary servitude is "a condition of servitude in which the victim is forced to work  . . . by the use of threat of physical restraint or physical injury or by the use of coercion through law or the legal process."  *United Stated v. Kozminski* 487 U.S. 931, 952.  Plaintiff has failed to sufficiently claim threat of physical restraint or physical injury or coercion through legal process.  Therefore, this count must be dismissed.

Even if, for the sake of argument, this count is not dismissed, its application must be limited to after the date of its enactment.  In the American Judicial System, there is a general presumption against retroactive application of legislation.  *See United States v. Hudson* 299 U.S. 498 (1937).  Principles of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.  In *Landgraf v. USI Film Products* 511 U.S. 244, 272 (1994) the Supreme Court stated, "prospectivity remains the appropriate default rule," The Court went further to endorse the rule established in *Bowen v. Georgetown University Hospital* 488 U.S. 204, 208 (1988), that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."  Only clear Congressional intent allowing retroactivity, established by explicit statutory language will overcome the presumption of prospectivity.  Since neither of these statutes contain express retroactive application, their application must be limited to the time frame after which they were enacted.

e.   **Fourth Claim:  Breach of Contract**

Plaintiff states that "Defendant's executed a written contract", but failed to specify with whom this contract was entered into.  Defendant asserts this contract was with and between himself and Haroun Ali, Doe's father.  Since Doe was not a party to the contract, she has no standing to assert breach of contract.

Even if she was a party to this contact, which no one asserts, Doe is barred by the Statute of Limitations.  This alleged contract was executed by Defendant in the Commonwealth of Virginia.  Pursuant to Virginia Code Sec. 8.01-246 (2), a suit in contract must be brought within five (5) years after the action has accrued.  This contract was executed in or about 1991, twenty (20) years ago, between two adults, Haroun Ali and Doe.  For the sake of argument, if this Court

finds Doe has standing to sue under this contract, and, for the sake of argument, considering she

may have been a minor upon execution of the contract, Virginia Code Sec. 8.01-229 (2) (a)

provides the Statute of Limitations would begin to toll when Doe reached majority.  To his

knowledge and belief, Siddig believes Doe was an adult in 1991.  However, taking the facts as

pled, Doe reached the age of majority in or about 1994.  Either way, the Statute of Limitations

has expired and this claim is barred.

    f.   **Fifth Claim:  Federal Minimum Wage**

This claim should be dismissed because the Plaintiff has failed to state a claim upon

which relief can be granted.  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and

plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not

necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." _Erickson v. Pardus_, 551 U.S. 89, 93 (2007) (internal quotation

marks omitted). Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal

theory or to allege sufficient facts under a cognizable legal theory. _Balistreri v. Pacifica Police

Dept.,_ 901 F.2d 696, 699 (9th Cir. 1990). But the Rule "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." _Bell

Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007).

The mere conclusion that "Defendants willfully failed to pay Ms. Doe statutory minimum

wages. . ." does not meet this standard, but rather, suffices as a label or conclusion, which this

very court has determined as insufficient.  Namely, plaintiff makes no effort to quantify time

monetary wages she earned plus the non-monetary wages (room, board, and other benefits) and

analyze whether this complete "package" meets the minimum wage standard.

Section 3(m) of the Fair Labor Standards Act provides that "`wage' paid to any employee may include the reasonable cost to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees. ..." 29 U.S.C. § 203(m) (1981). The Administrator, the Secretary of Labor, has determined that:

> (a) The term "reasonable cost" as used in section 3(m) of the Act is hereby determined to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees.

> (b) "Reasonable cost" does not include a profit to the employer or to any affiliated person.

> (c) Except whenever any determination made under § 531.4 is applicable, the "reasonable cost" to the employer of furnishing the employee with board, lodging, or other facilities (including housing) is the cost of operation and maintenance including adequate depreciation plus a reasonable allowance (not more than 5½ percent) for interest on the depreciated amount of capital invested by the employer: Provided, That if the total so computed is more than the fair rental value (or the fair price of the commodities or facilities offered for sale), the fair rental value (or the fair price of the commodities or facilities offered for sale) shall be the reasonable cost. The cost of operation and maintenance, the rate of depreciation, and the depreciated amount of capital invested by the employer shall be those arrived at under good accounting practices.

By failing to specifically plead the true wages paid to the Doe, including boarding and lodging, Plaintiff has failed to sufficiently plead this count, therefore it should be dismissed.

Additionally, this Act has a two (2) year statute of limitations. Therefore, Plaintiff is barred for making a claim for wages beyond two (2) years before she filed this claim.

g. **Sixth Claim:  False Imprisonment**

Plaintiff has failed to plead the elements of the correct jurisdiction.  It is not disputed that all of the alleged events took place in the Commonwealth of Virginia.  Virginia has defined false imprisonment as "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W.T. Grant Co. v. Owens*, 149 Va. 906, 921, 141 S.E. 860, 865 (1928).  Plaintiff failed to plead the necessary elements.  Namely, Plaintiff failed to plead direct restraint at the hands of Defendant which restrained Plaintiff's physical liberty and that there existed no legal justification.  Therefore, this claim is insufficient and should be dismissed

Additionally, a substantial majority, if not all, of this claim should be barred by the statute of limitations. In Virginia, where all of the alleged events occurred, the statute of limitations for false imprisonment is two years.  Virginia Code § 8.01-243(A) ("every action for personal injuries, whatever the theory of recovery, ... shall be brought within two years after the cause of action accrues").  A substantial majority, if not all, of the acts alleged in this claim happened well beyond the two year statute, therefore this count should be dismissed.

h. **Seventh Claim:  Fraudulent Inducement**

This claim must be dismissed because Plaintiff failed to allege any communication between herself and Defendant prior to her entering the United States.  To the contrary, Plaintiff alleges all of the communications, conversations, and agreements relating to her moving to the United States were between her father, Haroun Ali, and Siddig.  A successful fraudulent inducement claim requires a claimant to establish that it "reasonably relied" upon promises of future conduct made by another party.  Having had no contact prior to coming to the United

States, it is impossible for Doe to have "relied" on a "promise" of Siddig.  Therefore, this count must be dismissed as insufficient and for failure to bring in proper party.

Additionally, this claim should be barred by the statute of limitations. In Virginia, where all of the alleged events occurred, the statute of limitations for intentional infliction of emotional distress is two years.  Virginia Code § 8.01-243(A) ("every action for personal injuries, whatever the theory of recovery, ... shall be brought within two years after the cause of action accrues"). This facts alleged in this claim occurred twenty (20) years ago, therefore recovery is barred by the statute of limitations.

### i.   Eighth Claim:  Unjust Enrichment

This claim should be dismissed because the Plaintiff has failed to state a claim upon which relief can be granted.  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). But the Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007).

Merely stating the elements of unjust enrichment does not meet this standard. Furthermore, plaintiff makes no effort to quantify time monetary wages she earned plus the non-monetary wages (room, board, and other benefits).  By failing to specifically plead the true

wages paid to the Doe, including boarding and lodging, Plaintiff has failed to sufficiently plead this count, therefore it should be dismissed.

Additionally, Plaintiff failed to plead the elements of unjust enrichment in the Commonwealth of Virginia, where all of the events took place.    To state a cause of action for unjust enrichment, the Plaintiff must allege:  (1) she conferred a benefit on Defendant; (2) Defendant knew of the benefit and should reasonably have expected to repay Plaintiff; and (3) Defendant accepted or retained the benefit without paying for its value. *See Nedrich v. Jones,* 245 Va. 465, 476, 429 S.E.2d 201, 207 (1993) ("One may not recover under a theory of implied contract simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." (citing *Mullins v. Mingo Lime & Lumber Co.,* 176 Va. 44, 51, 10 S.E.2d 492, 495 (1940))); *see also Provident Life & Accident Ins. Co. v. Waller,* 906 F.2d 985, 993-94 (4th Cir.1990).  Plaintiff did not plead sufficient factual allegations in his amended complaint to state a cause of action for unjust enrichment.

### j.  Ninth Claim:  Quantum Meruit

This claim should be dismissed because the Plaintiff has failed to state a claim upon which relief can be granted.  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). But the Rule "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The mere conclusion that "Defendants did not fairly and equitably compensate Ms. Doe" does not meet this standard, but rather, suffices as a very label or conclusion, which this very court has determined as insufficient.  Namely, plaintiff makes no effort to quantify time monetary wages she earned plus the non-monetary wages (room, board, and other benefits).  By failing to specifically plead the true wages paid to the Doe, including boarding and lodging, Plaintiff has failed to sufficiently plead this count, therefore it should be dismissed.

### k.  Tenth Claim:  Intentional Infliction of Emotional Distress

A substantial majority, if not all, of this claim should be barred by the statute of limitations. In Virginia, where all of the alleged events occurred, the statute of limitations for intentional infliction of emotional distress is two years.  Virginia Code § 8.01-243(A) ("every action for personal injuries, whatever the theory of recovery, ... shall be brought within two years after the cause of action accrues"). See *Luddeke v. Amana Refrigeration, Inc.*, 239 Va. 203, 207, 387 S.E.2d 502, 504 (1990) (finding two-year statute of limitations applicable to claim for intentional infliction of emotional distress).  A substantial majority, if not all, of the acts alleged in this claim happened well beyond the two year time-frame, therefore this count should be dismissed.

### l.  Eleventh Claim:  Fraud

A cause of action for actual fraud in Virginia requires the plaintiff to prove: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); *Bryant v.*

*Peckinpaugh, 241 Va. 172, 175*, 400 S.E.2d 201, 203 (1991).  Plaintiffs failed to plead the final element, namely that she incurred damage.  Nowhere in the Amended Complaint has it been alleged she would have been in a better position had she remained in Sudan.

Additionally, this count must be dismissed because Plaintiff does not allege that a false representation was made to her.  In fact, Plaintiff admits in her Amended Complaint that she had no communications with Siddig prior to coming to the United States, because all communications were through her father.  Having not met the element of communication, Doe cannot assert fraud.

### m.  Twelfth Claim:  Negligent Inflict of Emotional Distress

A substantial majority, if not all, of this claim should be barred by the statute of limitations. In Virginia, where all of the alleged events occurred, the statute of limitations for intentional infliction of emotional distress is two years.  Virginia Code § 8.01-243(A) ("every action for personal injuries, whatever the theory of recovery, ... shall be brought within two years after the cause of action accrues"). See *Luddeke v. Amana Refrigeration, Inc.*, 239 Va. 203, 207, 387 S.E.2d 502, 504 (1990) (finding two-year statute of limitations applicable to claim for intentional infliction of emotional distress).  A substantial majority, if not all, of the acts alleged in this claim happened well beyond the two year statute; therefore this count should be dismissed.

### n.  Thirteenth Claim:  Negligence

This claim must be dismissed for failure to state a claim upon which relief can be granted.  As an employer, Siddig owed Doe nothing more than ordinary duty of care.  Plaintiff is attempting to impute some duty of care based on the fact that Doe's parents fraudulently represented Doe as an adult.  Siddig never had any extraordinary duty of care to Doe, his nanny,

who he believed to be an adult.  Having met his ordinary standard of care, this count must be

dismissed.

Respectfully submitted,

Date:  January 21, 2011                                _____/s/_____

Nicole E. Mackin, Esq.
Law Office of Nicole E. Mackin
DC Bar #978258
1629 K Street NW, Suite 300
Washington, DC 20006
(571) 226-6926 ph
(888) 266-0046 fax
nmackin@misscriminallawyer.com

*Counsel For Defendants*