IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>v.<br><br>SAFWAT HASSAN SIDDIG, *et al.*,<br><br>   Defendants. | Case No. 1:10-cv-01256 (CKK) |

**CONSENT PROTECTIVE ORDER**

WHEREAS Plaintiff Jane Doe has brought claims against Defendants Safwat Siddig and Kawthar Suliman under the U.S. Constitution, the Trafficking Victims Protections Act, the Fair Labor Standards Act, and various state contract and tort laws (the "Claims");

WHEREAS due to the sensitive nature of this case, and the heightened privacy interests involved, the Court granted temporary leave for Plaintiff to proceed under a pseudonym;

WHEREAS the parties to this Consent Protective Order (the "parties"), by and through counsel, have stipulated and agreed that the following stipulation and order (the "Stipulation and Order") shall govern the handling of deposition transcripts in this matter;

IT IS HEREBY ORDERED that:

1.  During depositions in this matter, the true name of Plaintiff may be used by any individual taking part during the depositions. The official deposition transcripts may contain the true name of Plaintiff. Unless and until the Court terminates Plaintiff's leave to proceed under a pseudonym, the deposition transcripts may not be disclosed to any third party without redacting



the true name of Jane Doe, except for those individual listed in Paragraph 2 when done in compliance with Paragraph 3. The parties shall not file on the public docket any deposition transcript revealing the true name of Plaintiff unless and until the Court terminates Plaintiff's leave to proceed under a pseudonym.

2. The following individuals may review copies of deposition transcripts in this matter that do not redact Plaintiff's true name:

(a) counsel for the parties and employees of such counsel who are assisting in the investigation and litigation of Claims, for use in accordance with this Consent Order;

(b) experts or consultants and their employees and clerical assistants, retained by any party for the purpose of testifying or rendering assistance or providing opinions in regard to the Claims, subject to the limitations and requirements of Paragraph 3;

(c) vendors hired by counsel for the parties who are assisting in the investigation and litigation of Claims, subject to the limitations and requirements of Paragraph 3;

(d) witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony, subject to the limitations and requirements of Paragraph 3;

(e) the parties;

(f) the Court and its employees and staff and supporting personnel;

(g) court reporters employed in connection with the Claims; and

(h) any other person only upon order of the Court or upon written stipulation of the designating party to this Protective Order.

3. Notwithstanding anything contained in Paragraph 3, the true name of Plaintiff may only be provided to persons listed in Paragraph 2(b)-(d) above to the extent that it will assist such individual to prepare a written opinion, to prepare to testify, to testify, or to assist counsel in the investigation and litigation of the Claims, provided that such individual is provided a copy of the Consent Protective Order and signs a commitment, in the form attached as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Consent Protective Order and consenting to the jurisdiction of the Court for purposes of enforcing this Consent Protective Order. Such commitments shall be retained in the files of counsel.

4. Each party shall be entitled to seek modification of this Consent Protective Order, for good cause shown, by attempting to obtain the other parties' consent to such modification, and then, absent consent, by application to this Court. This remedy includes the right to seek a determination that documents or information are not Confidential.

5. The provisions of this Consent Protective Order shall, absent written permission of the designating party or further order of the Court, continue to be binding unless and until the Court terminates Plaintiff's leave to proceed under a pseudonym. In the event that the Court terminates Plaintiff's leave to proceed under a pseudonym, this Protective Order shall terminate.

6. Nothing in this Consent Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's client.

Approved this 31st day of May, 2011.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Stipulated and agreed to by:

Dated: May 31, 2011

By: _____  
Alfredo Acin (DC Bar No. 994987)  
Law Offices of Lewis & Associates, P.C.  
6066 Leesburg Pike  
Fourth Floor  
Falls Church, VA 22041-2234  
(p) 703-778-6845  
(f) 703-425-6300  
aacin@lewisatlaw.com  

*Counsel for Defendants*

By: _____  
Martina E. Vandenberg (DC Bar No. 476685)  
David Z. Moskowitz (DC Bar No. 994469)  
JENNER & BLOCK LLP  
1099 New York Ave., N.W., Suite 900  
Washington, D.C. 20001  
(p) 202-639-6000  
(f) 202-639-6066  
mvandenberg@jenner.com  
dmoskowitz@jenner.com  

*Counsel for Plaintiff Jane Doe*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>SAFWAT HASSAN SIDDIG, *et al.*,<br><br>        Defendants. | Case No. 1:10-cv-01256 (CKK) |

## COMMITMENT OF QUALIFIED PERSON
## PURSUANT TO STIPULATION AND PROTECTIVE ORDER

I affirm my understanding (i) that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Consent Protective Order (the "Order") entered by the United States District Court for the District of Columbia in the case captioned, *Jane Doe v. Safwat Hassan Siddig, et al.*, Case No. 1:10-cv-01256 (CKK), and (ii) that I have read the Order. I understand the terms of the Order, I agree to be bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Columbia for the purposes of enforcement of the Order. I understand that I may not disclose to any third party the true name of Plaintiff Jane Doe (or any documents revealing such information) unless and until the Court terminates Plaintiff's leave to proceed under a pseudonym. I understand that a violation of the Order is punishable as a contempt of Court.

Date: _____      _____
                                                                            Signature