United States District Court
For the district of Columbia

8/10/11

| Jane Doe |
| plaintiff |
| v |
| Safwat Hassan Siddig, et al |
| Defendant |

Case no 1:10-CV01256 (CKK)

## Motion

### objection to the withdrawal of appearance

As Mr. Alfredo Acin (DC Bar no. 994987) was my attorney since 4/29/2011, he submitted motion for withdrawal of appearance stating that I have failed to fulfill the contractual obligation towards him, and that is not true because I did fulfill my obligations.

Mr. Acin asked me to pay all the balance in my account

RECEIVED
AUG 10 2011
Clerk, U.S. District and
Bankruptcy Courts


although the retainer we signed mentioned that I pay $1,000 (one thousand dollars) every month after I payed the deposit we agreed upon ($3,000$).
I told Mr. Acin from the begining that I have no money to pay as I am an employer with monthly salary and can not afford pay more than that amount (copy of the retainer enclosed)

Respectfully submitted

Safwat Siddig
14554 Bisbee Cl
Woodbridge, VA 22193
(703) 362-3623

## Certificate of Service

I hereby certify that on August 10, 2011 I will deliver by hand the foregoing document with the Clerk of the Court, then will deliver copies to the following:

Alferdo Acin, Esquire
Law office of Lewis & Associates
6066 Leesburg Pike
Falls Church, VA 22041
Counsel for Safwat Siddig

Martina Vanderburg, Esquire
David Moskowitz, Esquire
Jenner & Block
1099 New York Ave #900
Washington, D.C. 20001

Safwat Siddig
14554 Bisbee U-
Woodbridge, VA 22193



## LAW OFFICES OF LEWIS AND [ASSOCIATES]

6066 Leesburg Pike, Fourth Floor, Falls Church, VA 22041-2234

Tel. (703) 912-3100    www.lewisatlaw.com    Fax (703) 425-6300

## ATTORNEY-CLIENT AGREEMENT
## HOURLY ("Agreement")

Case Number: ~~XXXXX~~ 2614-001

The Law Offices of Lewis and Associates, P.C., (hereinafter "Attorney") and

Name: Safwat Hassan Siddig and Kawthar Siddig

Address: 14554 Bisbee Court, Woodbridge, VA 22193

Telephone: 703-362-3623    Fax: 202-667-2406    SSN: _____

Email: Safwat19@yahoo.com

(Hereinafter "Client") do hereby agree that Attorney will provide legal services to Client on the following terms:

1. **CONDITIONS:** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit called for under Paragraph 4.

2. **SCOPE OF SERVICES:** Client hires Attorney to provide legal services in the following matter:

   Represent Safwat Siddig and Kawthar Siddig in case number 1:10-cv-01256, which is presently pending in the US District Court for D.C., and styled as Jane Doe v. Safwat Hassan Siddig, et al.

   Attorney will provide those legal services reasonably required to represent Client. Attorney will take necessary steps to keep Client informed of progress and to respond to Client's inquiries. If a court action is filed, Attorney will represent Client through trial and post-trial motions. This Agreement does not cover representation on appeal or in execution proceedings after judgment. Separate arrangements must be agreed to for those services. Services in any matter not described above will require a separate written Agreement.

3. **CLIENT'S DUTIES:** Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney in providing necessary information and documents and will appear when necessary at legal proceedings.

1    Client Initials SS

4. **DEPOSIT**: Client agrees to pay Attorney an initial deposit of ~~$5,000.00~~ $3,000.00 [KFH] and $1,000/month thereafter at the execution of this Agreement, and Client further acknowledges that until the payment of the initial deposit is received, Attorney is not required to commence representation nor provide services under this Agreement. The 30th of the month. The hourly charges will be charged against the deposit. The initial deposit, as well as any future deposit, will be held in a client trust account. Client authorizes Attorney to use the fund to pay the fees and other charges as they are incurred. Payments from the fund will be made upon remittance to Client of a billing statement. Client acknowledges that the deposit is not an estimate of total fees and costs, but merely an advance for security. Whenever the deposit is exhausted, Attorney reserves the right to demand reasonable amounts further before a trial, interview, or arbitration date is set. Once a trial, interview, or arbitration date is set, Client shall pay all sums then owing and deposit the attorney's fees estimated to be incurred in preparing for and completing the trial, interview, or arbitration, as well as the jury fees or arbitration fees, expert witness fees and other costs likely to be assessed in the case. Client agrees to pay all deposits after the initial deposit within ten days of Attorney's demand. Unless otherwise agreed in writing, any unused deposit at the conclusion of Attorney's services will be refunded to the client.

5. **LEGAL FEES AND BILLING PRACTICES**: Client agrees to pay by the hour at Attorney's prevailing rates for all time spent on Client's matter by Attorney's personnel. Current hourly rates for these personnel are as follows:

   Attorneys: $250.00 - $450.00/hour    Non-Attorneys: $175/hour

   The rates on this schedule are subject to change on 30 days written notice to Client. If Client declines to pay increased rates, Attorney will have the right to withdraw as Attorney for Client. The time charged will include the time Attorney spends on telephone calls relating to Client's matter, including but not limited to calls with Client, witnesses, opposing counsel or court personnel. The personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

   **Time is charged in minimum units of one sixth of an hour (ten minutes).**

6. **COSTS AND OTHER CHARGES**: (a) in general, Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements, and expenses in addition to the hourly fees. The costs and expenses commonly include service of process charges, filing fees, court and deposition reporters' fees, jury fees, witness fees, notary fees, deposition costs, long distance telephone charges, messenger, overnight, and other delivery fees, postage printing, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, all costs and expenses will be charged at Attorney's cost.

   | | |
   |---|---|
   | In-office photocopying & printing: | $.25/page |
   | Facsimile charges: | $.20/page |
   | Letterhead: | $.30/page |
   | Mileage: | $1.00/mile |
   | Federal Express (Letter Envelope U.S.): | $40.00/package |
   | Non-local domestic telephone calls: | $.25/minute |
   | International Calls: | $1.50/minute |
   | Westlaw or Lexis-Nexis Charges: | $6.00/minute |
   | ImmPro-Per Form: | $10.00/form |

   (b) Out of town travel. Client agrees to pay transportation, meals, lodging, and all other costs of any necessary out-of-town travel by Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.

2                                                Client Initials _SS_

(c) Experts, consultants, and investigators. To aid the Attorney in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants, or investigators. Client agrees to pay such fees and charges. Attorney will select any expert witnesses, consultants, or investigators to be hired, and Client will be informed of persons hired and their charges.

Additionally, Client understands that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

7. **BILLING STATEMENTS:** Attorney will send Client periodic statements for fees and costs incurred. Client may request a statement at intervals of no less than 30 days. If Client so requests, Attorney will provide one within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

8. **INTEREST CHARGES:** If a billing statement is not paid when due, interest will be charged on the principal balance (fees, costs, and disbursements) shown on the statement. Interest will be calculated by multiplying the unpaid balance by the periodic rate of .5% per month (SIX PERCENT [6%] ANNUAL PERCENTAGE RATE). The unpaid balance will bear interest until paid.

9. **DISCHARGE AND WITHDRAWAL:** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client's request, deliver Client's file and property in Attorney's possession unless subject to the lien provided in Paragraph 9 above, whether or not Client has paid for all services.

10. **DISCLAIMER OF GUARANTEE AND ESTIMATES:** Nothing in this Agreement or in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter or the time it will take to conclude the matter. Attorney makes no such promises or guarantees Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

11. **FORUM SELECTION:** Disputes arising from this agreement will be filed in a court of competent jurisdiction within Fairfax County, Virginia or in the Alexandria Division of the U.S. District Court for the Eastern District of Virginia.

12. **ATTORNEY FEES:** Attorney fees from any dispute arising from this agreement will be paid for by the party judged to be at fault, as invoiced by the attorney.

13. **ENTIRE AGREEMENT:** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

14. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY:** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

15. **MODIFICATION BY SUBSEQUENT AGREEMENT:** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

16. **EFFECTIVE DATE:** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of the Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

3                                                                Client Initials __SS__

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

Signed: _____ Date: 4/29/11
Safwat Hassan Siddig

Signed: _____ Date: 4/29/11
Kawthar Hassan Suliman, a.k.a. Kawthar Siddig

Law Offices of Lewis & Associates, P.C.

By: _____ 4/29/11
Alfredo Acin, Esquire
Kamran F. Hashmi, Esquire
Attorney and Authorized Agent of the Law Offices of Lewis & Associates, P.C.

4                                                    Client Initials  SS